McCOY'S ESTATE v. BROWN. (No. 7252.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 24, 1924.)

1. Contracts ⬅346(12)—Evidence tending to establish implied contract or to show quantum meruit not admissible, where petition declared on express contract.

In action for balance due for digging wells in which the petition declared on an express contract, evidence tending to establish an implied contract or to show a quantum meruit was not admissible.

2. Witnesses ⬅159(2)—Plaintiff's testimony as to memorandum made by him as to amount due by deceased held not admissible in action against executors; "transaction."

In action for balance due for digging wells for defendants' testator, plaintiff's testimony as to memorandum made by him as to amount due by deceased *held* not admissible, being testimony as to a "transaction" with deceased within Rev. St. art. 3690.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Transaction.]

Appeal from District Court, Atascosa County.

Suit by George C. Brown against W. A. McCoy, on whose death Stella Lu McCoy, as executrix, and Wallis McCoy and another, as executors, were made parties. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Carl Hollingsworth, of Pleasanton, and J. R. Garnand, of Jourdanton, for appellants.

R. R. Smith, of Jourdanton, and Bell & Bell, of San Antonio, for appellee.

FLY, C. J. This is a suit to recover $641.-18, alleged to be a balance due for digging three wells for water, instituted by appellee against W. A. McCoy, who died during pendency of the suit, and his surviving wife, Mrs. Stella Lu·McCoy, as executrix, and his two sons, Wallis McCoy and Don McCoy, as executors of the estate of deceased, were made parties to the suit. The cause was tried by jury, and upon their verdict judgment was rendered in favor of appellee for

$634, with 6 per cent. interest per annum from January 1, 1919, as against the executrix and executors of the estate of W. A. McCoy, deceased. ·

The petition declared upon an express contract between W. A. McCoy, deceased, and appellee for the latter to dig three wells on the land of said W. A. McCoy, and the cause was submitted to the jury as founded on an express contract. The facts utterly failed to establish an express contract, even the principal witness, Skelton, who swore to declarations made by the dead man, not testifying to facts indicating an express contract to pay certain sums for the wells.

[1] If the petition is sufficient to set up an express contract, then testimony .as to how much the wells benefited the land, or as to how much such wells would cost to dig them, was utterly foreign to the allegations, and should not have been permitted. Evidence tending to establish an implied contract, when an express contract is made the basis of the suit, or to show a quantum meruit when it is alleged that an agreement was made *to pay a certain sum,* is clearly inadmissible, and merely obscures the true issues and confuses the jury. Moore v. Kennedy, 81 Tex. 144, 16 S. W. 740.

[2] The evidence of appellee as to transactions with the deceased, W. A. McCoy, were directly in the face of article 3690, Revised Statutes, and should not have been permitted. Necessarily the payment of money on the wells dug for W. A. McCoy must have been made by deceased to appellee, and therefore it was a transaction with him. The cause of action was based on a transaction with the deceased. Testimony by appellee as to · a memorandum made by him as to what was due him by deceased was a clear evasion of the terms of the statute. Hedges v. Williams, 26 Tex. Civ. App. 551, 64 S. W. 77; Watson v. Dodson (Tex. Civ. App.) 143 S. W. 329.

The judgment is reversed and the cause remanded.