221 P.2d 558

**CAMPBELL v. HOLLYWOOD RACE ASS'N et al.**

No. 5276.

Supreme Court of New Mexico.

Aug. 21, 1950.

J. B. Newell, Las Cruces, for appellants.

Brenton & Hall, Frank C. Boyce, all of Carrizozo, for appellee.

LUJAN, Justice.

This is an action by the appellee (plaintiff below) to recover from the appellants (defendants below) for the erection of buildings and to obtain foreclosure of a mechanic's lien.

It is alleged in the complaint, among other things: "That thereafter, as more fully appears from the itemized account attached hereto, made a part hereof, and marked 'Exhibit A', the Plaintiff furnished certain labor and rendered certain services to the defendants * * * in improving said lands and constructing buildings thereon at the instance and request of the aforesaid defendants; that said labor was performed and the services rendered between the 20th day of May, 1947, and the 27th day of June, 1947."

Credits are given for certain payments, and it was claimed that there was a bal-

ance of $2,733, and that the plaintiff was entitled to a reasonable attorney's fee.

Exhibit "A" to the complaint and claim of lien reads as follows:

"For labor furnished and services rendered from May 20, 1947 to July 27, 1947, as follows:

For labor furnished and services rendered in the construction of 2 barns, 1 grandstand, 1 secretary's office, 1 jockey room, 1 judge's stand, and a concrete apron in front of the grandstand including a fence around the grandstand—the agreed price of.. $14,622.80

For labor furnished and services rendered to build a rail around the race track—the agreed price of ........... $    288.20

For labor furnished and services rendered in the construction of 1 new toilet, 2 septic tanks, 1 paddock, and fence, all tables and shelving in parimutuel building, interior work in the secretary's office, alterations and maintenance—the agreed price of $ 5,422.00

Total agreed price... $20,333.00

Payments on Account:

| May 20, 1947 | ...... | $ 500.00 |
| May 24, 1947 | ...... | $2500.00 |
| May 31, 1947 | ...... | $2900.00 |
| June 7, 1947 | ...... | $2700.00 |
| June 14, 1947 | ...... | $3500.00 |
| June 18, 1947 | ...... | $1000.00 |
| June 21, 1947 | ...... | $2500.00 |
| July 3, 1947 | ...... | $2000.00 |

Total Payments... $17,600.00  $17,600.00

Balance remaining unpaid $ 2,733.00"

Shortly after the trial opened the plaintiff offered testimony to show that he had done considerable extra work and claimed that he was entitled to recover the actual amount expended thereon for labor; plus 20 per cent., it being stated that such charge was customary in the vicinity where the work was done. Objection was interposed by the defendants that such claim was not pleaded, that the plaintiff had pleaded an express contract and that he could not, therefore recover on quantum meruit.

In 14 Am.Jur., p. 550, Section 375, it is said: "It is well established that there must be conformity between the contract alleged in the pleadings and that shown by the proof, and that a party cannot declare on one contract and recover on proof of another and wholly different one. * * *"

Leave was given to amend the complaint and testimony was then received on behalf

of both parties. At the conclusion of the case the trial court directed that an amendment of the complaint be made in writing, but the record does not disclose any such amendment. The praecipe calls for the complaint as amended by interlineation but an inspection of the original does not show any amendment was made.

The trial court found that upon the entire job, contract and extras with the 20 per cent. added on the latter, the defendants were indebted to the plaintiff in the sum of $1,741, less $500 for cleanup work, and rendered judgment for the net amount of $1,-241 and awarded foreclosure of the lien.

The lien claim was filed August 19, 1947, and the case was tried on March 23, 1949, and no amended claim of lien was filed.

The plaintiff asserts in his assignments of error and in his brief that the trial court permitted an amendment of the lien during the trial, long after the time for so doing had expired, while the defendants say that this is not true; that it was the complaint that was amended in order to allow him to recover on a quantum meruit, as well as on express contract.

An examination of the record shows that neither was amended, although the findings of fact and conclusions of law proceed upon the theory that an amendment to the complaint was actually made.

We have in a number of cases treated a pleading as amended where evidence was received without objection that was not admissible under the pleadings filed, but here the defendants objected to any testimony based upon a quantum meruit, or cost plus, and absent an amendment it was not admissible.

The defendants filed a cross complaint seeking to recover claimed over-payments in weekly settlements had with the plaintiff during the progress of the work, but recovery was denied thereon.

Numerous assignments of error are made by the defendants relating to the plaintiff's claims and the denial of his cross complaint. All but two of them, the allowance of the lien foreclosure on the cost plus work and the allowance of 20 per cent. of the cost as a fee in the sum of $1,741, so violate our rules of appellate procedure that we will only consider the two mentioned. The violations are quite similar to those appearing in Lea County Fair Association v. Elkan, 52 N.M. 250, 197 P.2d 228, and Lord v. City of Santa Fe, 54 N.M. 244, 220 P.2d 709.

One cannot sue on express contract and recover on quantum meruit. Indianapolis Real Estate Board v. Willson, 98 Ind. App. 72, 187 N.E. 400; Sammon v. Roach, 211 Iowa 1104, 235 N.W. 78; Standard Sanitary Mfg. Co. v. Stump, 212 Ky. 253, 278 S.W. 583; Reitler v. Olson, 68 Colo.

65, 187 P. 313; Seaboard Air Line Ry. Co. v. Henderson Lumber Co., 28 Ga.App. 391, 111 S.E. 220; McCoy's Estate v. Brown, Tex.Civ.App., 268 S.W. 241.

Exhibit "A", supra, says that the work was done on an express contract, and in case of conflict with the complaint the exhibit controls. Adams v. Cox, 52 N.M. 56, 191 P.2d 352, and cases therein cited. There is nothing in the exhibit about cost plus work and no recovery can be had for the 20 per cent. claimed.

We will not consider the claimed error in denying the counterclaim. In short, the defendants refer us to the pages of the transcript which they say support their counterclaim and invite us to search the record. This we decline to do in the absence of a quotation of at least a part of the supporting testimony.

The judgment will be reversed and the cause remanded to the district court with instructions to eliminate any allowance for the claimed fee and to deny foreclosure of any lien based upon money due on quantum meruit. That part of the judgment which denies recovery to the defendants on their cross-complaint is affirmed. The costs of this appeal will be divided equally between the plaintiff and defendants. It is so ordered.

BRICE, C. J., and SADLER, McGHEE and COMPTON, JJ., concur.