274 P.2d 308

## CHAVEZ v. POTTER.

No. 5741.

Supreme Court of New Mexico.

Aug. 6, 1954.

Rehearing Denied Oct. 7, 1954.

W. A. Sutherland, Las Cruces, for appellant.

Whatley & Oman and W. B. Darden, Las Cruces, for appellee.

LUJAN, Justice.

From a judgment rendered against him in the district court for the county of Dona Ana, the plaintiff, Felipe Chavez, has perfected this appeal. The parties will be referred to as they appeared in the lower court.

The complaint alleged in substance and effect that plaintiff and defendant, J. V. Potter, on or about August 2, 1942, entered into a verbal contract by the terms of which defendant agreed to turn over the possession of certain raw and uncultivated land to plaintiff and that he was to clear, level, ditch, knock down hills and high places and prepare the same so that it could be properly and profitably utilized; that for such services plaintiff was to receive as compensation two-thirds of all cotton crops and one-half of all alfalfa crops raised thereon. The second and third counts of the complaint alleged additional verbal contracts based upon identical terms as alleged in count one. It further alleged that on October 20, 1951, without stating any right or reason therefor, *and in contravention of the agreement* between plaintiff and defendant as herein above set forth and which *agreements* had in all things been fully performed by plaintiff, defendant had served written notice to vacate and surrender unto him said premises, to the damage and loss of the plaintiff in said sum of $11,000, which was the reasonable and proper value of the services of plaintiff so as aforesaid rendered to the defendant.

Defendant answered, admitting the oral contract but denied breach thereof and set up several affirmative defenses.

The plaintiff replied as follows:

"That he denies the allegations thereof and says that the breach complained of *concerning the contract* between the plaintiff and defendant and *upon which the claim of the plaintiff is based* occured on to-wit October 20,

1951, and that *said contract* was a continuing one, from the inception thereof in August, 1942, up to the present time." (Emphasis supplied.)

It is clear that plaintiff predicated his entire case upon an alleged breach of an express verbal contract and not upon any theory of an implied contract of quantum meruit as he now urges in his brief.

At the conclusion of plaintiff's case on motion of defendant, the district court dismissed appellant's complaint on the ground that he was not entitled to the relief sought. It found as follows:

"1. That plaintiff and defendant are residents of Dona Ana County, New Mexico, and that an actual controversy exists between plaintiff and defendant as to the matters alleged in plaintiff's complaint.

"2. That plaintiff, as tenant, and defendant, as landlord, in 1942 entered into an oral contract whereby plaintiff was to farm said farm property, known as the Bailey place, which was owned by the defendant.

"3. That the terms of the oral contract were, aside from division of crops, that defendant would give plaintiff Five Hundred and 00/100 ($500.00) Dollars and a tractor, and that in return, the plaintiff would clear and level the land, take out all the stumps and wood, and prepare and farm the land.

"4. That the agreement and arrangements between plaintiff and defendant did not specify a definite time that the agreement for plaintiff to farm defendant's property was to run.

"5. That in 1948 the defendant acquired certain other property known as the Johnson tract, and that plaintiff farmed the Johnson tract under the same terms as the Bailey tract.

"6. That in 1949 the defendant purchased another tract of land, known as the Barnett tract and delivered to the plaintiff for handling and managing under the same terms as were arranged on the Bailey tract.

"7. That plaintiff and defendant have carried out the terms of their oral contract and that neither party has breached the contract.

"8. That in October, 1949, the defendant sold to the plaintiff a certain 1941 Pontiac automobile, for which plaintiff agreed to pay the defendant the sum of Eight Hundred and 00/100 ($800.00) Dollars; that plaintiff has not paid said obligation and the same is still owing and outstanding."

The plaintiff contends that the court erred in making the above findings of fact and in refusing certain requests made by him. He copied these findings verbatim in his brief but failed to set out any of the evidence adduced at the trial from which we can determine whether

the objections to these findings and those requested are well taken as required by section 6 of Supreme Court Rule 15. Under the circumstances we will not search the record for this information. Campbell v. Hollywood Race Ass'n. 54 N.M. 260, 221 P.2d 558; Lillibridge v. Coulter, 52 N.M. 105, 192 P.2d 315; Lea County Fair Association v. Elkan, 52 N.M. 250, 197 P.2d 228; Federal Land Bank of Wichita v. Beck, 46 N.M. 87, 121 P.2d 147. A party alleging error must be able to point clearly to it. Board of Trustees of Town of Torreon Land Grant v. Garcia, 32 N.M. 124, 252 P. 478; Mitchell v. McClutcheon, 33 N.M. 78, 260 P. 1086.

 As to the proposition of recovering upon an implied contract of quantum meruit we held in Campbell v. Hollywood Race Ass'n, supra, that one cannot sue on express contract and recover on quantum meruit, and we are still of the same opinion. See, also, Crawford v. Holcomb, 57 N.M. 691, 262 P.2d 782.

It is true that plaintiff, in his prayer, asks in the alternative for a money judgment upon a quantum meruit, but under code pleading the prayer for relief forms no part of the statement of the cause of action. Burnham-Hanna-Munger Dry Goods Co. v. Hill, 17 N.M. 347, 128 P. 62. And it has been held by both this court and the territorial supreme court that the prayer for relief is not a part of the complaint and cannot be considered as adding to the allegations. Beals v. Ares, 25 N.M. 459, 185 P. 780. Nor can it be considered to determine the nature of the cause of action. Durham v. Rasco, 30 N.M. 16, 227 P. 599, 34 A.L.R. 838.

Other questions are argued but they are considered without merit and will not be discussed.

It follows from what has been said that the judgment should be affirmed.

It is so ordered.

McGHEE, C. J., and SADLER, COMPTON and SEYMOUR, JJ., concur.