284 P.2d 219

**E. L. HARBISON, Plaintiff-Appellant,**

**v.**

**V. B. CLARK, Defendant-Appellee.**

**No. 5877.**

Supreme Court of New Mexico.

May 26, 1955.

Rehearing Denied June 13, 1955.

———◆———

Robert C. Dow, F. L. Heidel, Lovington, for appellant.

Robert W. Ward, Lovington, for appellee.

SADLER, Justice.

The plaintiff as appellant in this court complains of a judgment rendered against him in the district court of Lea County in favor of defendant on the latter's cross-complaint in an action instituted against defendant by plaintiff for damages said to have accrued by reason of alleged breaches on defendant's part of an agricultural lease entered into between the parties. As a matter of fact, damages were found in plaintiff's favor by the court on certain items for which claim was made and in defendant's favor on his cross-complaint in larger amount than the total awards to plaintiff. The judgment actually entered in defendant's favor was arrived at by off-setting the plaintiff's judgment against the total amount awarded defendant and rendering judgment in the latter's favor for the difference.

The plaintiff was the owner of a 320-acre tract of land in Lea County, New Mexico, of which approximately 235 acres were under cultivation as irrigated land. It was leased by the plaintiff, Harbison, to the tenant, Clark, for the years 1949, 1950 and 1951. It is only the cropping year 1951 with which we are here concerned and even as to that year there are only a few items of damage involved on this appeal.

The trial was before the court without a jury. When the trial concluded the judge embodied his findings of fact and conclusions of law in the decision filed. He disallowed an item of damages claimed in paragraphs 4 and 5 of the complaint as rental in the sum of $1,444 on a 28.88-acre tract called the Sudan Land which tract was planted to sudan for the crop year 1951. Damages in varying amounts were disallowed for items claimed in paragraphs 7, 9 and 11 of the complaint. The findings, however, gave plaintiff an award of damages in the sum of $300 with interest thereon from February 15, 1951, to March 25, 1954, in the sum of $55.75 for and on account of land leveling which the defendant was to pay in the total sum of $500 and had paid only $200 thereof. The plaintiff was also given judgment for $24 by virtue of the matters alleged in paragraph 2 of

plaintiff's second cause of action and for $82.50 because of the allegations contained in paragraph 4 of second cause of action. The total amount for which plaintiff was found to be entitled to judgment and for which he was actually given judgment aggregated $462.25.

The findings recited that the defendant was entitled to judgment on his cross-complaint against the plaintiff in the sum of $271.76 by reason of the allegations of paragraph 1 of the cross-complaint, namely, for the plaintiff's agreed share of the cost of crop dusting; for two small items set up in paragraph 9 of the cross-complaint in the sum of $11.66 and $12.44, respectively, and in an amount of $325 claimed in paragraph 10 of the cross-complaint for breaking 50 acres of land at $6.50 per acre.

The net result of these various awards for and against the respective parties was to leave the plaintiff holding a judgment against the defendant in the sum of $462.25 and the defendant holding a judgment on his cross-complaint against the plaintiff in the sum of $620.86. Judgment, thereupon, was entered in favor of defendant and against the plaintiff for $156.61, the supposed difference remaining after offsetting the amount adjudged due plaintiff against the amount adjudged due defendant from plaintiff. Just how such a calculation can be reached is beyond us, but so it appears in the final paragraph of the judgment and we are not disposed to quarrel with the subtraction made, odd as it may seem.

The foregoing recitation of facts will suffice to present and resolve the legal questions raised on this appeal. As already indicated, many of the trial court's rulings in making or denying awards remain unchallenged by either party and since the defendant has filed no cross-appeal, we have only to consider the two claims by the plaintiff as an appellant before us. They consist of two assignments of error, argued as Points One and Two, respectively. They will be discussed in their numerical order. Point One reads:

"There was substantial evidence and testimony to support a finding of the amount of a reasonable rental due plaintiff from the defendant for the use of the 'Sudan Land'."

It was the contention of the plaintiff that the defendant should have planted the Sudan Land consisting of approximately 25 acres of good land in cotton, a cash crop, instead of sudan, upon which cash crop, cotton, he earned a rental of $50 per acre on the portion of the land so planted and harvested. The portions of the complaint relied upon as constituting an agreement on defendant's part in this behalf are paragraphs 4 and 5 thereof. In the complaint they follow a pleading of the former written contract. The paragraphs in question read:

"4. That among the things so added to, and in pursuance of, said flexible agreement, and to clarify and complete the same, defendant promised and agreed, in consideration for the lease of the land, to grow a cash *crop,* and pay the standard rent of the crop, on a 28.88 acre tract, called the Sudan Land, which tract was in fact planted in sudan for the crop year 1951.

"5. That the defendant, contrary to the terms of his agreement, failed to grow a cash crop, and failed to pay such rent, on the 28.88 acre tract called the Sudan Land, to the damage of the plaintiff in the amount of $1,444.00."

The foregoing allegations of the plaintiff's first cause of action were met by a general denial. Concerning the issues tendered by these paragraphs of the complaint, the trial court found:

"That there was no agreement between the parties, as is set out in paragraphs 4 and 5 of the complaint, contemplating that defendant would plant cotton on the tract called the 'Sudan Land,' and plaintiff is not entitled to judgment for the $1444.00 rent for this tract of land as prayed for. Plaintiff should have had a reasonable rent for this tract of land, which was planted to sudan and the crop used by defendant, but there is no testimony from which a reasonable rent can be determined."

The plaintiff took no exception or objection to the trial court's finding, quoted next above, save as reflected by his requested findings 4 and 5 to the effect that his agreement with defendant provided that any sudan planted should be in reasonable amount and on poor land only, whereas he had planted 28.88 acres in sudan on good land instead of cotton; that had it been planted in the latter crop he would have received the average yield of rental on lands planted to cotton in the sum of $49.71, or a total of $1,391.88, on the land so planted to sudan.

██ The trouble with plaintiff's position on this proposition is the trial court's finding, quoted next above, that no such agreement as that claimed for the planting of cotton on the Sudan Land was ever made between the parties. This finding is supported by substantial evidence and, hence, will not be set aside.

██ So holding, however, does not dispose of this challenge to the judgment. In other words, the failure to make a finding that defendant promised to plant the 28 acres seeded to sudan, in cotton, rather than in sudan, does not give the defendant free use of the land for 1951. Actually, it was planted in sudan and a crop thereof harvested. Thus, notwithstanding the

contention of counsel for defendant that the suit was one on an express contract, whereas recovery on a quantum meruit, or an implied contract, is sought, we must announce our disagreement with the contention. We find nothing in the written contract fixing the rental value of the land planted in sudan, and the trial court could find no evidence of such an oral agreement. Not having so agreed themselves the law supplies the amount—its reasonable value. Two measures for fixing that reasonable value are supplied in the evidence, viz., (1) $36 per acre shown to be the average of all planted crops, producing $7,500 rental paid for 1951 on 207 acres of the demised premises, not including the 28 acres put to sudan; or, (2) $15 per acre as a fair rental to accrue from $46 per acre for three months grazing of the Sudan Land, supported in the proof. From evidence of these facts the trial court might very well fix a reasonable rental for the Sudan Land, absent an express agreement on the subject, there being none.

Coming next to the second claim of error, the allowance by the trial court of $325 to defendant on paragraph 3 of his cross-complaint for the breaking of 50 acres of land. The challenge on this account is to be found in appellant's second point, reading:

"There was no substantial evidence to support the finding that defendant should have judgment in the amount of $325.00 for breaking 50 acres of land under the allegations of paragraph 3 of the cross complaint."

A careful review of the record so far as plaintiff's second claim of error is concerned constrains us to hold that there is substantial evidence to sustain the trial court's finding. At first, we were disposed to hold that, as to this award, the defendant had pleaded an express agreement and was securing judgment on an implied one. We still think this is true. Paragraph 3 of the cross-complaint reads:

"That, pursuant to an agreement with plaintiff, defendant broke out and leveled 50 acres of land, so that the same could be placed in cultivation; *that the agreed price per acre for breaking out and leveling such land was $12.50 per acre to be paid by plaintiff to defendant,* making a total sum of $625.00 due by plaintiff to defendant and that plaintiff has wholly failed and refused to repay the same or any part thereof." (Emphasis ours).

Finding No. 10, covering this award reads:

"The defendant will have judgment under the allegations of paragraph 3 of the Cross Complaint for breaking 50 acres of land at $6.50 per acre, or $325.00."

It requires no strained construction to hold that the defendant has

pleaded an express agreement in paragraph 3 of his cross-complaint. And it is the rule that one may not plead an express contract and recover on an implied one. See Crawford v. Holcomb, 57 N.M. 691, 262 P.2d 782, and Chavez v. Potter, 58 N.M. 662, 274 P.2d 308. However, a party is not held strictly to this rule if his adversary litigates the issue with him on the basis of a quantum meruit. That appears to be what happened here, proof of reasonable value of the leveling and breaking, or vice versa, coming on without objection and just as if properly pleaded. Accordingly, the defendant will not be denied his judgment for want of a pleading.

On the other challenge, sufficiency of the evidence to sustain the award, we must say it is weak and not altogether of the force one might desire in appraising it. Nevertheless, we are not disposed to hold it fails to measure up to the required test of substantiality. Hence, we must deny plaintiff's challenge to its sufficiency.

It follows from what has been said that we must reverse the judgment of the trial court in so far as it denies to the plaintiff an award for a reasonable rental for the 1951 cropping year on the 28.88 acres planted to sudan. There is already in the record a sufficiency of evidence of reasonable rental value of this acreage from which a fair rental value may be deduced. Hence, without directing a retrial, the judgment is reversed and the cause remanded with a direction to the trial court, on the facts already in evidence, to fix and find the reasonable value of this small acreage for the cropping year 1951 and to reframe its judgment accordingly. The plaintiff will have judgment for the costs of this appeal.

It will be so ordered.

COMPTON, C. J., and LUJAN, McGHEE and KIKER, JJ., concur.

June 13, 1955. Motion granted to re-tax costs. Motion denied as to rehearing. Costs taxed one-half to appellant and one-half to appellee.