355 P.2d 291

STATE of New Mexico ex rel. V. S. GARY, d/b/a Gary Electric, Plaintiff-Appellee,

v.

FIREMAN'S FUND INDEMNITY COMPANY, Defendant-Appellant.

No. 6600.

Supreme Court of New Mexico.

Sept. 13, 1960.

McAtee, Toulouse & Marchiondo, Albuquerque, for appellant.

C. N. Morris, Eunice, for appellee.

MOISE, Justice.

This is an action to recover for materials and services furnished in connection with repairing and replacing certain electrical work in a school building at Eunice, New Mexico, constructed by Denton & Griggs, Contractors. Defendant executed its performance bond as surety for the contractor on the job. The contractor has become bankrupt.

After the job had been completed and accepted on or about April 20, 1956, the School District went into possession and occupied the building during the last month of school in the 1956 term and thereafter.

About December 1, 1956, there was some difficulty with certain electrical installations in the building and pursuant to instructions from representatives of defendant, plaintiff was employed and directed by one Robert E. Merrill, architect on the job, to have the trouble corrected and the bill sent to defendant, in care of Mr. Lyons. The bill which was in the amount of $560.55 was not paid, and plaintiff sued and was awarded judgment therefor. This appeal followed.

Appellant argues that the findings of fact made by the court are not based

upon substantial evidence. With this contention we cannot agree.

The court made the following material findings of fact:

"2. That Denton and Griggs, General Contractors, went into bankruptcy at a time when certain portions of such contract had not been fulfilled and Defendant, by its attorney and other agents, notified the School District that Defendant had taken over to cause the terms of the construction contract to be complied with.

\*   \*   \*   \*   \*   \*

"4. That early in December, 1956, upon being advised by the School District of deficiencies in the electrical installations due to faulty performance of the contract, the Defendant instructed the School District to employ a local man for Defendant to furnish materials and labor to correct certain deficiencies in the electrical equipment and to advise the local man so employed to submit the bills for such service to the Defendant, Fireman's Fund, in care of Mr. Jerry Lyons at Denver, Colorado, for payment.

"5. That the School District, acting on the instruction of Defendant, employed V. S. Gary on behalf of Defendant in compliance with said instructions and caused the said V. S. Gary to provide materials and perform the necessary work to correct electrical deficiencies in school building.

"6. That V. S. Gary performed such work and provided such materials at the request and for the benefit of Defendant under an independent agreement between V. S. Gary and Defendant for valuable consideration."

Each of the findings being supported by substantial evidence, they will not be disturbed on appeal. Flippo v. Martin, 52 N.M. 402, 200 P.2d 366.

■ It certainly follows without question that the findings quoted support a judgment in favor of plaintiff.   . . .

■ Specifically defendant complains that whereas suit was started in the name of the State on the relation of V. S. Gary, the court on its own motion permitted the State to be dropped as a party and the case to proceed in the name of V. S. Gary. In the first place it appears that the change occurred through adoption by the court of plaintiff's requested findings and conclusions. Accordingly, we are of the opinion the change was on motion of plaintiff, if that is material, which we doubt. The complaint was based upon the employment by Mr. Merrill on behalf of defendants to do the repair work and the proof followed this line. Certainly, defendant could not have been surprised. That the court did not err is clear to our minds. See § 21–1–1(21);

American Fidelity & Casualty Co. v. All American Bus Lines, Inc., 10 Cir., 190 F.2d 234; compare State ex rel. Skinner v. District Court, 60 N.M. 255, 291 P.2d 301.

■ Defendant also argues that whereas suit was on an alleged contract, recovery was based on quantum meruit. The argument is predicated on the fact that no price for plaintiff's services had been agreed to. Defendant does not question the sufficiency of proof of the reasonableness of the charges but contends the recovery is thus one in quantum meruit and not contract. In this defendant is patently mistaken. We quote Comment (a) to § 5 of Restatement of the Law of Contracts, and Illustration 1 thereunder which is our identical case:

"a. Contracts are often spoken of as express or implied. The distinction involves, however, no difference in legal effect, but lies merely in the mode of manifesting assent. Implied contracts must be distinguished from quasi-contracts, which also have often been called implied contracts, or contracts implied in law. Quasi-contracts, unlike true contracts, are not based on the apparent intention of the parties to undertake the performances in question, nor are they promises. They are obligations created by law for reasons of justice. Such obligations were ordinarily enforced at common law in the same form

of action (assumpsit) that was appropriate to true contracts, and some confusion with reference to the nature of quasi-contracts has been caused thereby.

"*Illustrations:*

"1. A telephones to his grocer, 'Send me a barrel of flour.' The grocer sends it. A has thereby contracted to pay a reasonable price therefor."

■ Because of the problems present in determining the proper form in which to sue—contract or quasi-contract—and the hazards incident thereto under the previous rulings of this court, we want to take this opportunity to announce that we are of the opinion that the strict rule applied in Campbell v. Hollywood Race Ass'n, 54 N.M. 260, 221 P.2d 558, should be relaxed. That case was decided when our rules had been in effect only a short time, and none of the cases cited in support of the result there reached are from states having the federal rules of civil procedure at the date of the decision.

We there held that testimony to prove a recovery in quantum meruit could not be admitted in a suit on an express contract, and that one could not sue on a contract and recover on quantum meruit. This was reaffirmed in Crawford v. Holcomb, 57 N.M. 691, 262 P.2d 782, and in Chavez v. Potter, 58 N.M. 662, 274 P.2d 308. In Harbison v. Clark, 59 N.M. 332, 337, 284 P.2d 219, we

stated that if the case was actually tried without objection on a basis of quantum meruit, the rule preventing recovery on this theory in a case where an express contract had been pleaded did not apply. However, beyond this there has been no relaxation of the strict rule of Campbell v. Hollywood Race Ass'n, supra.

We now announce that recovery should be allowed on quantum meruit even though the suit was originally framed on express contract; and that amendment to pleadings be freely allowed to accomplish this purpose at any stage of the proceeding, including considering the pleadings amended to conform to the proof. We are impressed that by this holding we are bringing our procedure into line with the decisions in the federal courts and into harmony with the letter and spirit of our rules of procedure, §§ 21–1–1(15) and 21–1–1(54) (c), which were copied from the Federal Rules of Civil Procedure. See Matarese v. Moore-McCormick Lines, Inc., 2 Cir., 158 F.2d 631, 170 A.L.R. 440; Gins v. Mauser Plumbing Supply Co., 2 Cir., 148 F.2d 974; Ring v. Spina, 148 F.2d 647; United States v. Zara Contracting Co., 146 F.2d 606; Michael Del Balso, Inc., v. Carozza, 78 U.S.App.D.C. 56, 136 F.2d 280; 1 Moore's Federal Practice, §§ 15.13 and 15.14, 54.62; Barron & Holtzoff, Federal Practice & Procedure, §§ 441, 442, 1194; Pleading under the Federal Rules by Chief Judge Charles E. Clark of the United States Court of Appeals, Second Circuit, appearing in 12 Wyo.L.R. 177, 192.

Defendant further argues that plaintiff's action was barred because not brought within one year as required by § 6–6–12(c), N.M.S.A.1953; because not brought within two years after final payment was due as provided in its bond; because no notice was given within 90 days, as required by § 6–6–12(a), N.M.S.A.1953; and that plaintiff cannot recover because the work was not within the bond obligation.

As we view the problem, this is a suit by plaintiff to recover for work done at the instance of the defendant. The fact there was a bond, and whether defendant employed him because it considered it had a liability thereunder is not important. It is sufficient that it did, and it made a valid and binding contract and plaintiff is accordingly entitled to his compensation. The limitation provisions are not applicable and the other matters complained of are without merit.

For the reasons stated the judgment of the district court will be affirmed, and it is so ordered.

COMPTON, C. J., and CARMODY, CHAVEZ, and NOBLE, JJ., concur.