# THE SUPREME COURT

#### OF THE

## TERRITORY OF NEW MEXICO.

### JANUARY TERM, 1909.

[No. 1192, January 12, 1909.]

FIRST NATIONAL BANK OF TUCUMCARI, Appellee, v. L. E. SPEED, Appellant.

#### SYLLABUS (BY THE COURT.)

The refusal of the trial court to permit an amendment of the defendant's answer, under the circumstances shown by the record, was not an abuse of discretion.

Appeal from the District Court for Quay County before EDWARD A. MANN, Associate Justice. Affirmed.

J. E. WHARTON for Appellant.

The real limitation to the power of amending pleadings seems to be that the amendment shall not bring a new cause of action. Reeder v. Sayre, 70 N. Y. 190; Scovil v. Glassner, 79 Mo. 449; Stevens v. Brooks, 23 Wis. 196; Cook v. Crosian, 36 Pac. 532; Jenne v. Burt, 121 Ind. 275, 22 N. E. 276.

The code makes it the duty of the court to permit amendments necessary to conform the pleadings to the proof and to refuse such amendment after proof offered of the chattel mortgage of defendant below, was error. Bliss Code Pleadings, 3 ed. sec. 430, 440; Robinson v. English, 34 Pa. St. 324; Pa. Salt Mfg. Co. v. Neal, 54 Pa. St. 9; Carpenter v. Small, 35 Cal. 346; Griffin v. Cohen, 8 How. Pr. 353; Rogers v. Rathbun, 8 How. Pr. 456; Thompson v. Manford, 11 How. Pr. 273; Slinger v. Davis, 30 Cal.

Bank v. Speed.

318; McMinn v. O'Connor, 27 Cal. 238; Halsley v. Black, 28 N. Y. 438; Bedford v. Forhum, 30 N. Y. 453; Rose v. Bell, 38 Barb. 25; Denman v. Prince, 40 Barb. 213; Valencia v. Conch, 32 Cal. 339; Walsh v. Washington Market Ins. Co., 32 N. Y. 427: Gates v. Alden, 41 Barb. 172; Van Buskirk v. Stow, 42 Barb. 9; Dunnigan v. Crummey, 44 Barb. 528; Hollister v. Livingstone, 9 How. Pr. 140; Cork v. Croisan, Ore., 36 Pac. 532; Flanders v. Cottrell, 36 Wis. 564; Chicago & G. S. Ry. Co. v. Jones, 103 Ind. 386, 6 N. E. 8; Compiled Laws 1897, Code of Civil Procedure, subsec. 82.

M. C. MECHEM and HAWKINS & FRANKLIN for Appellee.

There is nothing in the statutes of this Territory forbidding an officer or stockholder of a corporation to whom a conveyance is made from taking the acknowledgment to the same. 1 Cyc. 557; 1 A. & E. Enc. of Law, 2 ed. 489; Elliott et al v. The Lessee of Piersol, et al, 1 Pet. 328, 7 L. ed. 164; Bank v. Conway, 17 Fed. Cas. No. 1203; Eoree v. Abner, et al, 57 Fed. (C. C. A.) 159; Sackett v. McCaffrey, 131 Fed. C. C. A. 219; Keene Guaranty Savings Bank v. Lawrence, 73 Pac. 680, 32 Wash. 572; People v. Bartels, 138 Ill. 322, 27 N. E. 1091; Gibson v. Norway Sav. Bk., 69 Me. 582; Stevenson v. Brasher, 90 Ky. 23, 13 S. W. 242; Read v. Toledo Loan Co., 68 Ohio St 280, 62 L. R. A. 790; Morrow v. Cole, 58 N. J. Eq. 203, 42 Atl. 673; Cooper v. Hamilton, 97 Tenn. 285, 56 Am. St. 795; Genest v. Las Vegas Masonic Building Assn., 11 N. M. 251.

"An assignment of error which is directed against all the findings of fact made by the trial court is too general and will be disregarded." The Rio Grande Dam & Irrigation Co., 10 N. M. 617; Mogollon Gold & Copper Co. v. Stout, 91 Pac. 724; Territory v. Cordova, 11 N. M. 367; Weber v. Armijo, 11 N. M. 354; Territory v. Guillon, 11 N. M. 194; Cevada v. Miera, 10 N. M. 62; 2 Cyc. 996.

"The action of the trial court in amending or refusing to amend the pleadings is a matter within its sound dis-

cretion, and, in the absence of a clear abuse thereof, not reviewable on appeal." 3 Cyc. 327 and cases cited; Compiled Laws 1897, sec. 2983, sub-sec. 307; Laws of 1907, chap. 107; Compiled Laws 1897, sec. 85, sub-sec. 82; Home Savings Bank v. Woodruff, 94 Pac. 957; Puritan Mfg. Co. v. Toti & Gradi, 94 Pac. 1022; Sanchez v. Candelaria, 5 N. M. 400, 23 Pac. 239; Gormley et al v. Bunyan et al, 138 U. S. 625, 34 L. ed. 1086; Mandeville v. Wilson, 9 U. S., 5 Cranch 15, 17 (3:23:24); Chapman v. Barney, 129 U. S. 677 (32:800); Sawyer v. Piper, 189 U. S. 155, 47 L. ed. 758; Mexican Central R. Co. v. Pinkney, 149 U. S. 194, 37 L. ed. 699; Union Cent. Life Insurance Co. v. Philipps, 102 Fed. C. C. A. 19; Code Ga., sec. 5106; Rev. St. U. S., sec. 954; Compiled Laws 1897, p. 702, sub-sec. 96; Citizens St. Ry. Co. v. Heath, 62 N. E. 107, 29 Ind. App. 395; Stewart v. Stewart, 62 N. E. 1023, 28 Ind. App. 378; People v. New York Cent. Ry. Co., 29 N. Y. 418; Sharon v. Sharon, 16 Pac. 3-6, 75 Cal. 1; 1 Words and Phrases 49.

The granting or denial of a motion for a new trial rests in the sound discretion of the trial court and is not alone assignable as error in the courts of this Territory or in those of the United States. Schofield v. Territory, ex rel., etc., 9 N. M. 526; Coleman v. Bell, 4 N. M.; Buntz v. Lucero, 7 N. M. 220.

If under any conceivable theory of the evidence in the absence of a specific finding of fact the judgment of the trial court can be sustained, then it is the duty of the appellate court to sustain it. 2 Enc. P. & P. 428 and cases cited.

## STATEMENT OF FACTS

This case is here by appeal from the Sixth District Court for Quay County, where it was tried by Associate Justice Edward A. Mann, without a jury. The action was brought by the plaintiff, here the appellee, to foreclose a chattel mortgage on certain cattle belonging to Cabe Adams; and L. E. Speed, here the appellant, was made defendant because of the fact that he claimed a prior lien on the same cattle through a mortgage from Adams,

but a copy of the mortgage was not filed with the answer. Later the defendant filed an amended answer setting out the same claim of a prior lien, but again failed to file or set out a copy of the mortgage under which he claimed. The case was sent to a referee to take the proofs, and the defendant offered in evidence a certified copy of his mortgage, which was not admitted. He then moved the court for leave to file an amended answer with a copy of the mortgage under which he claimed, which motion was denied, and the judgment was entered on the pleadings and the testimony taken by the referee.

## OPINION OF THE COURT.

ABBOTT, J—(After stating the facts.)—The only question discussed in the brief for the appellant is that raised by the refusal of the trial court to allow him to amend his answer as above stated, to conform to sub-sec. 307 of Sec. 2685, C. L. of 1897, (See chapter 107, Laws of 1907) which provides that: "When an instrument of writing upon which the action or defense is founded is referred to in the pleadings, the original or a copy thereof shall be filed with the pleading, if within the power or control of the party wishing to use the same, and if such original or a copy thereof be not filed as herein required or a sufficient reason given for failure to do so, such instrument of writing shall not be admitted in evidence upon the trial." While it is true, as the appellant claims, that the power of the courts to allow amendments is very broad it is also true that they are allowed a very broad discretion in exercising that power. The provision in sub-sec. 82, sec. 2685, Code of Civil Procedure, C. L. 1897, that the court may "at any time before final judgment in furtherance of justice, amend any pleading by conforming the pleading to the facts proved," puts on the trial court the duty of determining whether an amendment proposed will, on the whole, be "in furtherance of justice," not alone to the party proposing the amendment but to his opponent as well, who may, through an amendment, suffer injustice. In the case at bar the answer of the defendant had been once amended, and the case sent to a

referee and heard by him before the amendment in question was proposed. The plaintiff had the right to rely on the pleadings as they stood in the preparation of its case for trial, and on the protection of the court against injury from eleventh hour amendments.

There was, moreover, evidence tending to establish at least an equitable estoppel in favor of the plaintiff against the claim of the defendant under the mortgage which he sought to introduce through amendment. Under such circumstances, we cannot say it was an abuse of discretion for the trial court to refuse to permit the amendment. 3 Cyc. L. & P. 327, and cases cited; Gormley et al. v. Bunyan, et al., 138 U. S. 625; Sawyer v. Piper, 189 U. S. 155. The rule laid down by the Supreme Court of the United States has, as a matter of course been followed by this court and recently affirmed in Home Savings Bank v. Woodruff, 94 Pac. Rep. 957, and Puritan Mfg. Co. v. Toti, et al., 94 Pac. 1022.

We have assumed that the trial court could have granted the defendant's motion to amend in the exercise of its power to permit amendments of pleadings, but it has been held in relation to a statute provision similar to the one under consideration, that such a paper as the defendant desired to file is not a part of the pleadings. As that view of the matter is not treated of in the briefs on which this case was submitted, and is of such importance that this court should not pass on it without full discussion and consideration, we go no further than to say that the reasoning in favor of it appears to have much force, and, if it is sound, it may follow that the defendant's motion could not have been rightfully granted. Han. & St. Jo. R. R. Co. v. Knudson, 62 Mo. 569, and cases cited; Chambers v. Carthel, et al., 85 Mo. 374.

The judgment of the District Court is affirmed.

POPE, J.—(Concurring)—I concur upon the ground that the appellant showed "no sufficient reason" or any reason at all for his failure to file with his pleading a copy of the mortgage relied upon as required by C. L. Sec. 2685.