## MURPHY v. HALL et al.

### (No. 2328.   July 1., 1920.)

### SYLLABUS BY THE COURT.

1. When findings of fact are not requested in a case tried by the court and no findings are made by the court, except a general finding for the plaintiff, and counsel for the defendant in no way or manner calls attention of the trial court to any claimed error in the findings, and makes no objection to the same, or to the failure of the court to make specific findings of fact, such party so failing to object cannot raise the question that the evidence fails to warrant an assumed finding for the first time in the appellate court.    P. 272

2. Where the findings made by a trial court are erroneous because not in accordance with the evidence, it is the duty of the party aggrieved thereby to call the court's attention to the error and seek its correction there.    P. 272

Appeal from District Court, Bernalillo County; Raynolds, Judge.

Suit by F. A. Murphy against J. W. Hall and others for an injunction. Decree for plaintiff, and defendants appeal. Affirmed.

BURKHART & COORS, of Albuquerque, and GRIMM, WHEELER, ELLIOTT & JAY, of Cedar Rapids, Iowa, for appellants.

JOHN F. SIMMS, of Albuquerque, and HIBBARD & KLEINDIENST, of Los Angeles, Cal., for appellee.

### OPINION OF THE COURT.

ROBERTS, J. This action was instituted in the court below by appellee against the appellants to enjoin them from refusing to recognize him as a member of the Order of Railway Conductors of America and as a member of the Mutual Benefit Department of such order.

Appellee set forth in his complaint facts showing that he had been expelled from the order, and that he had exhausted all the remedies available to him under the constitution and by-laws of the order; that he had a property right in his membership therein, in that by virtue of such membership he carried a policy of life insurance in the Mutual Benefit Department of such organization, the continuance and validity of which were dependent upon his retaining his membership in the Order of Railway Conductors of America. He was expelled because he had participated in a meeting held at Albuquerque on the 26th day of April, 1916, by individual members of the four railroad brotherhoods, at which certain action was taken relative to demands for increased wages. The members present at this meeting appointed a committee, of which appellee was one, to write a letter to other members of the various organizations employed on the Santa Fe Railroad, which was done. Appellee was expelled, as stated, and in his complaint herein set up that the order of expulsion was illegal and invalid upon seven different grounds, as follows:

"(1) That no adequate or sufficient charges were preferred against plaintiff, in that plaintiff was not charged with the commission of any offense under the constitution and statutes of said order.

"(2) That no proper certified copy of the charges preferred against plaintiff were ever served upon him as required by section 31, or any other section of the constitution and statutes of the order.

"(3) That plaintiff was not accused by a member of said

order as required by section 31, or any other section of the constitution and statutes thereof.

"(4) That the proceedings whereunder and whereby plaintiff was expelled from said order and said division No. 389 included a former trial by the last-named division, at which trial plaintiff was acquitted of the charges brought against him. That thereafter an appeal was taken from said decision by Division No. 602 of said order, to the president, who reversed the same and directed that a new trial be had before Division No. 287. That said appeal was irregular and of no effect for the reason that no provision is made in the constitution or statutes of the order allowing an appeal to be taken from the decision of the division having original jurisdiction by other than a member of said order. That said appeal by said Division No. 602 was prejudicial to plaintiff.

"(5) That there existed in the minds of the members of Division No. 287 who tried and expelled plaintiff a bias and prejudice against plaintiff. That said members believed that they had been instructed by the acting president of the order to expel plaintiff, and that it was their duty to do so regardless of their private opinions. That by reason of the bias and prejudice of the members of said division, plaintiff did not receive a fair and impartial trial, but that result of said trial was reached through the bias, prejudice and caprice of the members of said division and of the officers of said order.

"(6) That no evidence was produced at the alleged trial of plaintiff to prove the commission of the said alleged offense with which plaintiff was charged.

"(7) That the witnesses who testified at said trial were not sworn to tell the truth in accordance with the provisions of section 31 of the statutes of said order wherein it is required that witnesses be given the following oath: 'You do solemnly affirm upon your honor as a member of the Order of Railway Conductors that the evidence you shall give in this case, wherein Brother C. D. is defendant, shall be the truth and nothing but the truth.' "

(**1, 2**)  Issue was joined, and evidence was heard by the court. The court was not requested to make findings of fact or to state conclusions of law, and no tendered findings of any kind whatsoever, by either party, were presented to the court. Only a general finding or a conclusion of law was stated, namely, that the court "find the equities of the case in favor of the plaintiff," and a judgment was entered granting the appellee the relief prayed in the complaint. The only exception taken was as follows:

"To the foregoing judgment, and all thereof, the defendants and each of them by their counsel except."

Appellants in this court assume that the court found that the evidence sustained the invalidity of the order of expulsion on each of the grounds stated in the complaint. We make this statement, because, in their assignments of error and in stating their points, it is charged that the court found that the order of expulsion was invalid on each of the grounds stated in the complaint, and above set out. That is to say, without any finding made by the court, they assume that the court so found. It was the duty of counsel in the court below to have requested such findings as they believed the evidence warranted, favorable to their contention, or by appropriate objections or exceptions have directed the attention of the court to any error which, in their judgment, the court was committing. We have set out the only attempt on the part of appellants to call the attention of the trial court to the fact that they were dissatisfied with this action.

It will be noted that counsel were not complaining of the findings made by the court or to the conclusions of law, but only were finding fault with the judgment. The exception is:

"To the foregoing judgment, and all thereof, the defendants and each of them by their counsel except."

This, under the circumstances, as stated by Mr. Justice Parker, speaking for the court, in the case of Fullen v. Fullen, 21 N. M. 212, 153 Pac. 294, conveyed no intimation that the decree was erroneous, or, if so, upon what ground. The exception there was:

"To which decree, judgment, and orders defendant then and there duly excepts."

In this court it was argued in that case that the overwhelming weight of evidence supported the charges of defendant by way of recrimination, and that the decree for that reason, awarding the divorce was erroneous.

In this case it is argued that the findings by the court are erroneous in that there was no sufficient evidence to support the same. In the case of State ex rel. Baca v. Board of Commissioners, 22 N. M. 502, 165 Pac. 213, Mr. Justice Hanna, speaking for the court, said:

"It is a fundamental rule of appellate practice and procedure that an appellate court will consider only such questions as were raised in the court below."

There no exceptions were taken to the final judgment until after the same had been entered.

In the case of Blacklock v. Fox, 25 N. M. 391, 183 Pac. 402, the rule announced in the Fullen Case was approved, and the court said:

"The question of whether there is sufficient evidence to support a material finding may be raised in any appropriate manner, such, for example, as by a demurrer to the evidence, or by a motion for nonsuit or dismissal, or by an objection interposed to the objectionable finding on the ground that there is no * * * evidence to support it or by an exception to the finding on such ground. The essential thing is that the attention of the trial court should be called to the fact that it is committing error in making the finding, pointing out wherein the finding is erroneous."

It is further stated:

"In this case no objection was made to the findings or judgment of the court, nor were any proceedings taken to secure a ruling of the district court as to the sufficiency of the evidence to support the findings or judgment."

The court also quoted the general rule as stated in 3 C. J. 836, as follows:

"The general rule is that a question of sufficiency of evidence to authorize submission of the case or the defense to the jury, or to support the verdict, findings, or judgment, must be raised by proper objections in the trial court, and will not be considered if raised for the first time on appeal; and in many jurisdictions, although not in all, it is held that the question of law whether there is any evidence tending to support the verdict, findings, or judgment cannot be raised for the first time on appeal."

And in the recent case of Sandoval v. Unknown Heirs of Vigil, 25 N. M. 536, 185 Pac. 282, we said:

"Where findings made by the trial court are erroneous be-

cause not in accordance with the evidence, it is the duty of the party aggrieved thereby to call the court's attention to the error and seek its correction there."

In view of these former decisions of this court, it is apparent that appellants present no question which this court can review, as to the sufficiency of the findings made by the trial court, or the evidence supporting the same.

This leaves in the case only certain minor objections made to the reception and exclusion of certain evidence. The trial court having made no specific findings, it is impossible for this court to determine whether or not there was error in the reception and exclusion of the evidence set forth in the assignments of error. This evidence only went to certain of the grounds upon which the expulsion was claimed to have been illegal, and may have been wholly irrelevant as to the determining issue in the case. For this reason the action of the court will not be considered here.

For the reasons stated, the judgment will be affirmed, and it is so ordered.

PARKER, C. J., concurs.

RAYNOLDS, J., having heard the case below, did not participate in this opinion.