[No. 2963. Sept. 5, 1927. Rehearing Denied
Nov. 21, 1927.]

MITCHELL v. McCUTCHEON et al.

[260 Pac. 1086.]

Edward D. Tittmann, of El Paso, Tex., for plaintiff in error.

Charles B. Barker, of Santa Fe, and Nicholas & Bunton, of Magdalena, for defendants in error.

## OPINION OF THE COURT

WATSON, J. The judgment appealed from sustained liens claimed by appellees upon appellant's mining claims for labor performed at the instance of appellant's lessee, foreclosed the liens, and ordered sale of the property.

The first questions presented require construction of our lien statute as applicable to labor performed on mining claims, at the instance of a lessee. As we understand appellant's contentions, they are (1) that a lessee is not to be considered an "other person having charge of any mining," who, under Code 1915, § 3319, is to "be held to be the agent of the owner"; (2) that Code 1915, § 3327, is not applicable to mining claims; but that (3) if it is applicable to mining claims, Code 1915, § 3321, is also applicable to them.

The three sections mentioned are set forth in full in a recent opinion of this court, in Albuquerque Lumber Co. v. Tomei, 32 N. M. 5, 250 P. 21. In that case, as to a claim for materials furnished for the improvement of city lots by erection of a building thereon, it was contended that a finding that the vendee, at whose instance the work was done, was the "builder" made him the vendor's agent and bound the vendor's interest. We there held that the word "owner" in section 3319 meant the person causing the building to be constructed, and that the builder, or other person having charge of the construction, was his agent merely. We so held because we considered that section 3319 did not contemplate a division of estates as between lessor and lessee, or between vendor and vendee, but that such situation was provided for in sections

3321 and 3327. So we held that the vendee, as vendee, even though also the builder, did not bind the vendor's interest on the theory of agency. The result was that the vendor, having complied with section 3327 by posting a disclaimer, had saved his interest from lien, and that the materialman's lien extended only to the vendee's interest under section 3321.

If that principle is to apply in the case at bar, we have this result. There are separate interests in the claims. Appellant is the owner in the sense that she holds the legal title. The lessee is the owner contemplated in section 3319; the person causing the work to be done. A contractor, subcontractor, or person in charge of mining or construction, is, by virtue of the statute, to be deemed the agent of the lessee. But the statute does not contemplate any binding of the lessor's interest, unless, having knowledge, he fails to disclaim.

Construing the three sections together as parts of the same original act, the result arrived at in Albuquerque Lumber Co. v. Tomei, supra, would seem properly to follow. Inherently the relations of lessor and lessee, and of vendor and vendee, involve no agency. As has often been pointed out, the claim of agency in such cases must rest upon positive provision of the statute. It is natural and proper to subject property to a lien when it has been improved "at the instance of the owner * * * or his agent." It is also natural and proper to enact that the contractor or person in charge of the construction, or of the mining, is to be deemed the agent of him who employed him, and who is responsible for the initiation of the work. It is quite different to subject property to a lien where it has not been improved at the instance of the owner or his agent, and quite different to enact that a contractor or person in charge shall be deemed the agent of one who did not employ him, and did not authorize or contemplate the work. In the latter case, property is taken in satisfaction of an obligation which the owner never agreed to assume.

If section 3319 stood alone, it might bear the interpretation last suggested. But section 3321 plainly contem-

plates the case where the person causing the work to be done is not the owner of the land, or is the owner of less than a fee-simple interest in it. In such a case the statute says that the lien shall apply only to the interest of the person causing the work to be done. The interest of the person who does not cause the work to be done is covered by section 3327. Such a person, obtaining knowledge of the work, must disclaim liability, or his interest will be held subject to the lien.

Construed in this manner, these statutory provisions are harmonious, practical, and just. We are entirely satisfied that it is the correct construction when land is actually improved by placing useful improvements thereon. But appellant's able counsel doubts the applicability of section 3327 to mining claims. He points out that the language of that section refers only to buildings or other improvements constructed, altered, or repaired, and that mining claims are not particularly mentioned, nor any word used that aptly describes the ordinary process of extracting ore from mines. The argument has force. The inaptness of the language is suggested in Gray v. Pumice Stone Co., 15 N. M. 478, 110 P. 603. It is to be admitted that the sections in question lack much in nicety and exactness of expression. Of course, mining claims may, like other lands, be benefited by having useful improvements placed upon them. In that respect, no good reason of policy is suggested why they should not come under the provisions of sections 3321 and 3327. But, as suggested in Gray v. Pumice Stone Co., supra, the ordinary labor of extracting ores from a mine is not so clearly an improvement of the property, and, as to that kind of labor, the Legislature might, in its wisdom, have made different provision. Yet this distinction, if recognized by the Legislature at all, would, in reason, lead to more liberal, rather than stricter, treatment of the landlord's interest, where the labor in question resulted only in the extraction of ores.

If the question were original, what has just been said would suggest some difficulty in deciding it, and the necessity of careful consideration. But in Post v. Fleming, 10

N. M. 476, 62 P. 1087, the territorial Supreme Court established a precedent from which we see no reason, after 27 years, to depart. There, sections 2217 and 2226, C. L. 1897 (Code 1915, §§ 3319 and 3327) were under consideration. Referring to section 2226 (3327), the court said:

"The law makes specific provision for the protection of a mine owner in such cases."

Referring to the combined effect of the two sections, the court said:

"The fact that he (the owner of an undivided interest who did not cause the work to be done) did not employ him (the claimant) is immaterial, because the statute declares that the person in charge of the mining operations with the owner's knowledge shall be the agent of the owner."

And again expressing the same thought, it was said:

"The plaintiff under the law of this territory was authorized to look to the owner of the mining claim for satisfaction of his claim where the owner has knowledge that he is performing labor and has a right to invoke the lien law to secure satisfaction of the amount due him, unless the owner shall post a notice as required by law."

That is, though differently stated, the same view we took in Albuquerque Lumber Co. v. Tomei, supra, and it is applied to a mining claim. In Stearns-Roger Co. v. Aztec Co., 14 N. M. 300, 93 P. 706, the same principle was applied. The liability of the undivided interest of the Maxwell Land Grant Company in the fee was made to rest upon its knowledge and its failure to disclaim. It may be doubted, however, whether the land in that case was really considered, or properly to have been considered, as a mining claim, within the meaning of the statute.

We think, therefore, that we must consider it as the established law in this state that section 3319 is not to be interpreted by itself, but as modified by sections 3321 and 3327, not only when we have in question useful improvements placed upon lands, but when we are considering ordinary labor in the operation of a mine. So, in the case at bar, the liability of the lessor's interest was not established solely by a showing that appellees were employed by one in charge of mining operations for the lessee. It was to be inquired, further, whether the lessor

had knowledge of the mining operations, and, if so, whether he posted the property for the protection of his interest.

 Appellant requested the trial court to conclude, as a matter of law, "that the lessee and the agent of the lessee are not the agents of the lessor either at common law, or by statute, without more, so as to bring their employees within the lien statute of the state of New Mexico." This conclusion the trial court refused to make; and if it were clear that the judgment rested upon the converse of this proposition, error would be apparent. Unfortunately for appellant, it does not clearly appear from the decree but that the result was reached upon the theory that appellant, having knowledge, failed to post the property. Of course, if the trial court based its judgment upon two theories, it is not sufficient for reversal to show that one of them is erroneous. Appellant was permitted to amend her answer to set up the defense that she had duly posted the property. This defense was litigated, there having been evidence for and against it. No findings were made regarding it, but none were requested. Appellant's position does not seem to have been entirely consistent. By tendering the issue of posting she apparently admitted that it was a material fact. Yet she now urges that it was not, for the reason that section 3327 has no application to mining claims. By failing to request findings as to the fact of posting, she must be deemed either to have admitted that the evidence was against her, or to have concluded, as she now erroneously contends, that the defense was immaterial and legally unsound. Since we adhere to the established doctrine that the lessor's interest is subject to the lien if the lessor has knowledge and fails to post, appellant is in the position of urging a mere abstract and indecisive proposition of law.

 A considerable part of appellees' claims was for labor performed in a mill which the lessee operated in connection with its mining operations. Appellant contends that it is not shown that the mill was situated on the claims, and hence that there is failure of proof that the labor was performed "in and upon the mining claims." While the evidence might have been more satisfactory,

there is at least a fair inference that the claims and mill were leased and operated as one property, each being essential to the other; that the ores extracted from the mines were reduced in the mill and disposed of as concentrates; and that the labor force was diverted from one to the other as circumstances required. In Stearns-Roger Co. v. Aztec Co., supra, the territorial Supreme Court held that the erection of a mill off the claim for the purpose of treating ores extracted therefrom is to be considered the construction, alteration, or repair of a claim, or an improvement thereon. We cannot therefore consistently hold that labor performed in such a mill in operating it for the reduction of ores from the claim, or in repairing it for that purpose, is not labor performed upon the claims.

█ Appellant also contends that certain labor performed off the claims, such as trucking ores and concentrates to the railroad and bringing back groceries and mill and mine supplies, is not lienable. That a part of the labor was performed off the claims is apparently not conclusive. Stearns-Roger Co. v. Aztec Co., supra. That such labor is essential to the combined mining and milling operation is obvious. Considering the broad language of our statute, it was said, in Gray v. Pumice Stone Co., supra:

"* * * We see no reason why labor of any class bearing a direct relation to the mining operations should not be sufficient to form a basis for a claim of lien."

Appellant cites Ripley v. Cochiti Gold Mining Co., 12 N. M. 186, 76 P. 285, and Golden Giant Mining Co. v. Hill, 27 N. M. 124, 198 P. 276, 14 A. L. R. 1450, but neither decision is in point.

█ Appellant contends that the evidence shows labor performed on but one of the four claims subjected to the lien. The court found to the contrary, and there was no exception to the finding. Moreover, counsel did not, by requested finding or otherwise, suggest this contention to the trial court. So he is not in a position to demand a review of the evidence on that point. Laws 1917, chapter 43, § 37; Garcia v. Silva, 26 N. M. 421, 193 P. 498.

Appellees, anticipating affirmance, have moved for the allowance of an attorney's fee for services in this court. Appellant resists the motion on the ground that, under Code 1915, § 3330, such allowance is a matter for the trial court. Appellant's contention is correct. That interpretation of the statute and practice thereunder are established by English v. Brannum (No. 2919), on motion for a special mandate, decided without written opinion.

Finding no error, the judgment is affirmed. The cause will be remanded with direction to the district court, in its discretion, to allow and tax, in favor of plaintiffs (appellees) and against defendant, Roe Mitchell (appellant), as additional costs, a reasonable fee for appellees counsel in this court, and, thereafter, to enforce its judgment.

It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.

ON REHEARING.

WATSON, J. We suggested in the foregoing opinion that appellant's position did not seem to have been entirely consistent. We withdraw the remark. It was, of course, not inconsistent for appellant to take the position that the disclaimer provisions of the lien laws did not apply to mining claims, and, at the same time, the further position that, if they did, she had complied with them.

What we have said has no bearing on the result. It is quite possible that the judgment is based upon the theory that appellant, having knowledge of the work, failed to disclaim liability therefor; a theory which, as we have seen, the law will support.

 Every presumption favors the correctness of the decision. Sandoval v. Unknown Heirs, 25 N. M. 536, 185 P. 282.

 A party alleging error must be able to point clearly to it. Board of Trustees v. Garcia, 32 N. M. 124, 252 P. 478. Appellant thinks that we should examine the record and decide the question of fact which she neglected to have decided by the trial court. No such ques-

tion is properly before us. There was no request for any finding of that kind, and none was made. There is no exception to the judgment. The settled practice is against the contention. Murphy v. Hall, 26 N. M. 270, 191 P. 438.

The motion for rehearing must be overruled and the former disposition of the appeal adhered to.

PARKER, C. J., and BICKLEY, J., concur.