194 P.2d 679

FRYMIRE v. RICE.

No. 5102.

Supreme Court of New Mexico.

June 10, 1948.

192

Hubert O. Robertson, of Silver City, for appellant.

Clyde T. Bennett, of Silver City, for appellee.

McGHEE, Justice.

The appellant, defendant below, seeks the reversal of an adverse judgment in an ejectment action for the possession of an unpatented mining claim called Gold Bar No. 5 in the Wilcox Mining District of Catron County.

While there are numerous assignments of error relating to the findings of fact and conclusions of law made by the court, they are argued under the following points:

1. There was no valid location of the claim.

2. The required annual labor for the year 1940–1941 was not done on the claim.

The appellee is the successor in interest of the original locators who are now dead. Gold Bar No. 5 was located along with four other claims in 1929. We have examined the record relating to Point 1 and find that there is sufficient evidence to sustain the finding that the claim was validly located, the boundaries properly marked, proper notice of the location was filed in the office of the county clerk, that sufficient development work was done, and that mineral was discovered in place.

The trial court found that although no work was done in 1940 and 1941 on the Gold Bar No. 5 claim, the owner caused sufficient work to be done on the mother lode on other contiguous claims of the same group, which was of direct benefit to this claim, and that such work was for the benefit of all. It was also found that while the employees were doing this work they actually resided in a cabin on the No. 5 claim.

There is substantial evidence to support the finding.

Where several adjoining mining claims are held in common, work upon any one of them, in a given year, for the benefit of all, equal in amount to that required to

be done upon all, is a sufficient compliance with the mining laws of the United States. Eberle v. Carmichael, 8 N.M. 169, 174, 42 P. 95, and cases there cited.

■ We have examined the record and find that the findings of fact necessary to support the judgment are supported by substantial evidence.

The judgment will be affirmed, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER, and COMPTON, JJ., concur.