376 P.2d 576

**Samuel TAFOYA, Sr., Claimant-Appellant,**

**v.**

**KERMAC NUCLEAR FUELS, CORP., Employer, and Mountain States Mutual Casualty Co., Insurer, Defendants-Appellees.**

No. 6981.

Supreme Court of New Mexico.

Nov. 27, 1962.

Ramon Lopez, Smith, Kiker & Kitts, Richard E. Ransom, Albuquerque, for appellant.

Modrall, Seymour, Sperling, Roehl & Harris, Frank H. Allen, Jr., Albuquerque, for appellees.

SCARBOROUGH, District Judge.

The plaintiff Samuel Tafoya, Sr., filed a workmen's compensation claim against Kermac Nuclear Fuels, Corp., his employer, and Mountain States Mutual Casualty Company, the employer's insurer in an attempt to recover compensation on account of injuries alleged to have been sustained by the plaintiff as a result of an accident which occurred on December 14th, 1959. After hearing the evidence and the arguments of counsel, the trial court decided in favor of the defendant and dismissed plaintiff's complaint.

The plaintiff appeals to this court and assigns as error the trial court's adoption of its finding of fact numbered seven and eight to the effect that an accident sustained by the plaintiff in 1957 resulted in a lumbo-sacral disc injury and a degenerated disc disease, on the ground that such

findings are not supported by substantial evidence, and the trial court's adoption of finding of fact number 19 and its conclusion of law number 5 to the effect that the plaintiff failed to establish by the proof in the case that he sustained a compensable injury as a result of the accident of December 14, 1959.

Six doctors testified on the trial of this cause, three having been called by the plaintiff and three by the defendant. We have carefully read and examined the entirety of the testimony of all six medical experts. It is clear to the court from an examination of this testimony that the trial court's findings numbered 7 and 8 are supported by substantial evidence and that the trial court was within its proper right and prerogative in finding that the plaintiff suffered a degenerated disc as a result of an industrial accident which he sustained in 1957 and entirely independently of the accident which occurred in 1959. It is true that the testimony of the medical expert witnesses is quite contradictory and that the court could well have found to the contrary. It is not, of course, for the appellate court to say that the trial court should have reached a decision contrary to that actually reached when the judgment of the trial court in the particular under examination is supported by substantial evidence. Maryland Casualty Co. v. Jolly, 67 N.M. 101, 352 P.2d 1013; Luna v. Flores, 64 N.M. 312, 328 P.2d 82; Los Alamos Medical Center v. Coe, 58 N.M. 686, 275 P.2d 175, 50 A.L.R.2d 1033; Pentecost v. Hudson, 57 N.M. 7, 252 P.2d 511.

To illustrate the substantial nature of the evidence which supports the trial court's findings of fact, attention is called to the testimony of Doctor Connell, one of defendant's witnesses. He testified on direct examination as follows:

"We thought he probably had degenerative disc disease in four and five along with osteoarthritis.

\* \* \* \* \* \*

"Q Now, doctor, with a comparison of these X-Rays that you took in January, 1960, and the X-Rays you took in the Summer of 1959, did you see any change which would result from the injury complained of on December 14th?

"A No, I didn't see no change in the film at all.

"Q They were the same before the injury and the same after?

"A Yes, sir, they are comparable."

Doctor Ritter, another witness called by the defendant, testified as follows:

"Q Well, for full time work, doing heavy work, what per cent of disability would you estimate him to have in June and July of 1959?

"A    Easily 15 or 20 per cent.

"Q    And what percent of disability would you say he had in January 1960?

"A    Same thing.

"Q    Same thing?

"A    Yes.

"Q    And in February of 1960?

"A    Approximately the same.

"Q    March of 1960?

"A    We had hopes that it was even down to ten or five or nothing at that time."

■■■    As to the trial court's finding that the appellant had not proven that he had a compensable claim against the employer and insurer, it should be noted in passing that the burden is on the plaintiff to establish the existence of a compensable claim and that, the evidence being in conflict, it was the necessary duty of the trial court to resolve the conflict. There is ample evidence in the record to support the trial court's findings and conclusion; the testimony referred to above furnishes such support and is sufficiently substantial in character to meet the requirements of the law. In addition, Doctor Schultz testified that he examined the plaintiff in February of 1960; that the examination showed no r erve root pressure; that the X-Ray find-ings were the same as those previously made, which were negative; that the plaintiff then had no pain of a different character and degree than that revealed to the doctor on an examination of the plaintiff made in 1959. Doctor Schultz testified that it was his medical opinion that the first injury, that is, the injury of November 19, 1957, would be the most probable and competent producing cause of the degenerative disc condition found to exist at the time of the trial. Although this evidence is disputed or contradicted by evidence of plaintiff's witnesses, it is substantial in character and sufficient to sustain and support the trial court's findings of fact.

■■■    The plaintiff further assigns as error the alleged wrongful admission into evidence of defendant's exhibits 5 and 5–A which are letters addressed to the plaintiff by the employer relating to the ultimate discharge of the employee-plaintiff for the assigned reason that he had failed to disclose at the time of pre-employment examination that he suffered a prior injury for which he had made a claim. Counsel for the plaintiff objected appropriately to the receipt of these exhibits in evidence on the ground that they were hearsay and were self-serving. It will suffice to say for the purpose of this opinion that although we believe the objections should have been sustained and admission of the exhibits in evidence denied, we do not consider the re-

ceipt of these exhibits as prejudicial error for the reason that it is incomprehensible to us that the contents of these letters could have affected the trial court's judgment.

There being no error, the judgment of the trial court is affirmed.

IT IS SO ORDERED.

CARMODY and CHAVEZ, JJ., concur.