381 P.2d 961

Reba Reynolds GLADIN, Plaintiff-Appellee,

v.

K. D. COMPTON, Defendant-Appellant.

No. 7212.

Supreme Court of New Mexico.

May 20, 1963.

W. W. Atkinson, Albuquerque, for appellant.

Walter K. Martinez, John V. Coan, Grants, for appellee.

CARMODY, Justice.

This is an appeal from an award of a small money judgment to appellee and an adjudication that her debt to appellant had been paid in full, as well as an order to appellant to transfer certain property to her.

The findings of the trial court are as follows:

"* * * 2. That the real estate contract assignment entered into between the parties in favor of the Defendant is a security transaction rather than an absolute conveyance from the Plaintiff to the Defendant.

"3. That the Defendant, as Mortgagee in Possession, received and is accountable to the Plaintiff in the course of the operation of the Mesa Trailer Court, [in] the sum of $20,-115.86.

"4. That the Defendant is entitled to credit against the amount received for general operation of the business and payment of the indebtedness owed by the Plaintiff to the Defendant in the amount of $19,812.57.

"5. That the Defendant by reason of his operation of the business covered by the real estate contract assignment

has received funds above and beyond the amount of the debt and all just expenses, claims and setoffs in the amount of $303.29, which amount is due and owing to the Plaintiff.

"6. That the Plaintiff is entitled to a conveyance from the defendant of all of his right, title and interest in and to the property that is the subject matter of this action."

Finding No. 4 is not attacked directly, but appellant claims that in the total amount deducted from expenses, the amount of $290.00 was included twice; that appellant should have been allowed a reasonable amount for his services in operating the trailer court; that he should have been permitted to recover the costs to him of installing gas and sewer lines; and, lastly, that the debt represented by two promissory notes from plaintiff had not been extinguished and he should, therefore, have been allowed interest on the notes and a reasonable attorney's fee. In essence, appellant quarrels with the total amount of credits allowed by the trial court in its finding No. 4, and with the court's refusal to make findings in accordance with the appellant's theory of the credits properly deductible from income.

All of the items upon which appellant brings this appeal are considered in finding No. 4 in some way or another, although no breakdown, as such, was made by the trial court. The evidence is clear, however, that there was a double deduction of the $290.00 item, as claimed by appellant. On the other hand, to counteract this error, appellee points out that other mistakes were made in computing the total amount of the credits which would more than offset this miscalculation. Nevertheless, no cross-appeal was taken, and thus it must stand as admitted that another $290.00 must be added to the total of appellant's expenses in operating the business. The effect of this addition will be to increase the sum found in finding No. 4, as credits, in the amount of $290.00.

With respect to the other points urged by appellant, however, it would seem that we are asked to substitute our judgment for that of the trial court in arriving at the proper total of appellant's expenses. This we decline to do. The mere fact that we might have made findings different from those of the trial court, had we been the initial trier of facts, does not permit us to disturb the facts as found if the record offers substantial evidence in their support. Chapman v. Locke, 1957, 63 N.M. 175, 315 P.2d 521; Kutz Canon Oil & Gas Co. v. Harr, 1952, 56 N.M. 358, 244 P.2d 522; Marchbanks v. McCullough, 1942, 47 N.M. 13, 132 P.2d 426. In an appeal such as the one now before us, the evidence must be viewed in a light most favorable to the appellee, and all legitimate and reasonable inferences indulged in to uphold the judg-

ment if possible. Hogsett v. Hanna, 1936, 41 N.M. 22, 63 P.2d 540. In Kutz Canon Oil & Gas Co. v. Harr, supra, a case also involving, among other things, an accounting, this court made certain statements which we think aptly apply to and are definitive upon the matter:

"* * * [A] careful review of [the evidence] satisfies us it meets the requirements of substantiality *even if as to certain elements of proof it leaves something to be desired.* But even where that be true and conditions and inconsistencies are to be found in the evidence and testimony of the party in whose favor the findings are made, nevertheless, unless they are of such a nature as to render the facts relied on inherently improbable * * * it is for the fact finder to weigh and, where possible, reconcile and characterize contradictions and inconsistencies in the testimony and finally say where the truth lies. * * * The mere fact that we might have viewed the facts differently does not license us to overturn them, if [they] be deemed resting on substantial evidence. * * *" (Emphasis added.)

The judgment of the trial court is therefore affirmed, with the exception of the portion awarding appellee a money judgment in the amount of $303.29. Because of the erroneous double deduction of an amount of $290.00 from appellant's expenses in operating the business, this sum will be reduced to $13.29 in appellee's favor. Costs will be assessed against the appellant.

It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.