397 P.2d 716

E. T. KLEEMAN, Plaintiff-Appellant,

v.

Ware FOGERSON and Mrs. Walter Fogerson, Administratrix of the Estate of Walter Fogerson, deceased, Defendants-Appellees.

No. 7492.

Supreme Court of New Mexico.

Nov. 23, 1964.

Rehearing Denied Jan. 13, 1965.

Chester A. Hunker, Clovis, for appellant.

Smith, Smith & Tharp, Clovis, for appellees.

CARMODY, Justice.

From the action of the trial court in dismissing plaintiff's complaint and granting judgment on defendants' counterclaim, plaintiff appeals.

Plaintiff brought suit to recover the reasonable value of grazing twenty-three head of cattle on the plaintiff's pasture land. The defendants answered and also counterclaimed for an alleged breach of contract,

by reason of a claimed violation of the covenants in a lease agreement entered into between the parties, viz., failure to maintain boundary fences and adequate water supply for the use of cattle on the premises. The lease, or a copy thereof, was not attached to the pleadings. Plaintiff's answer to the cross-complaint admitted a lease, but denied failure to comply with the covenants. Thereafter, when the case came on for trial, the plaintiff objected to the introduction of the lease as being in conflict with § 21–1–1 (9) (k), N.M.S.A.1953, on the ground that the failure to attach a copy, or to give a sufficient reason for failure to do so, required the court to refuse the offer of evidence. The trial court overruled the objection and allowed the lease in evidence. At the conclusion of the trial, the court dismissed plaintiff's complaint and granted judgment in favor of the defendants on their counterclaim.

The facts are briefly these: The defendants leased certain pasture land owned by the plaintiff for a six-month period, in order to pasture approximately 180 head of livestock and their increase. The defendants paid the amount agreed upon, but a controversy arose between the parties with respect to twenty-three additional head of cattle which the plaintiff claimed the defendants pastured on his property, to his damage. ·

The plaintiff, in his complaint, merely contended that the defendants owed him for the pasturing of twenty-three head of cattle, without any mention of the lease or the other 180 head. The defendants' counterclaim, based on the lease, related to the damage allegedly suffered because of inadequate water and improper fencing.

The trial court found that no additional livestock were pastured over and above the number provided in the lease, and it was for this reason that the plaintiff's complaint was dismissed. One of plaintiff's contentions is that there was sufficient evidence to support his complaint and that therefore the trial court was in error in dismissing the same.

■ It has been too often held by us to require the stating of authority that on a question of controverted evidence, where there is substantial evidence to support the trial court, we will not disturb its ruling. This is the situation here, and we find no merit in the plaintiff's contention with respect to dismissal of his complaint.

■ A more serious problem is raised by the plaintiff in connection with the admission of the lease into evidence. Rule 9 (k) (§ 21–1–1(9) (k), N.M.S.A.1953, supra), insofar as pertinent, is as follows:

"When any instrument of writing upon which the action or defense is founded is referred to in the pleadings, the original or a copy thereof shall be filed with the pleading, if within the power or control of the party wishing

to use the same, and if such original or a copy thereof be not filed as herein required, or a sufficient reason given for failure to do so, *such instrument of writing shall not be admitted in evidence upon the trial.*

" * * *." (Emphasis added.)

The above rule was a part of the New Mexico statutory law prior to its incorporation in the rules of civil procedure at the time they were adopted by this court in 1942. In cases decided before 1942, there is little doubt but that the lease would not have been admissible evidence, under the circumstances here existing. See First National Bank of Tucumcari v. Speed, 1909, 15 N.M. 1, 99 P. 696, and Silver v. Fidelity & Deposit Co. of Maryland, 1935, 40 N.M. 33, 53 P.2d 459. However, the question now arises as to whether the same result follows, in view of the integration of this rule into the entire body of the rules of civil procedure. Specifically, it must be determined whether § 21–1–1(15) (b), N.M.S.A. 1953, should apply to rule 9(k) as well as the other subdivisions of rule 9 which we adopted from the federal rules, or, contrariwise, if because of its history as being originally a statute, rule 15(b) is not applicable to rule 9(k). We see no reason why there should be any difference in application of the liberal amendment provision of rule 15 (b). There is nothing in our decisions prior to our adoption of the rules which would require a different result. For clarity, rule 15(b), supra, insofar as it is pertinent to this case, is as follows:

" * * * If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

When we consider the circumstances here present, in conjunction with rule 15(b), we conclude that there was no error on the part of the trial court. During the cross-examination of the plaintiff, he was examined with respect to the lease between the parties and admitted its existence, as, incidentally, he had already done in his pleadings. The lease was then offered in evidence and objection to its receipt was made, based entirely upon rule 9(k). It was at this time that the defendants asked leave to amend by filing a copy of the contract as a part of the counterclaim. The court, although not specifically stating that the amendment would be allowed, did announce that he failed to see where the admission of the exhibit would work any hardship, and since both of the parties had

admitted its existence, there could be no prejudice, and that therefore the lease would be received in evidence. Since the rule plainly states that the writing shall not be admitted in evidence if not attached to the pleading, it seems obvious that the intention of the court was to allow the amendment.

■ The decisions of the federal courts under rule 15(b) (which is identical with our § 21–1–1(15) (b), N.M.S.A.1953) are to the effect that the court may and should permit the pleadings to be freely amended in order to aid in the presentation of the merits of the controversy, as long as the opposing party is not actually prejudiced. 3 Moore's Federal Practice, 2d ed., § 15.14, at 848; and 1A Barron & Holtzoff, § 449, at 787. Since rule 9(k) is now integrated with our rules of civil procedure, it should be construed to conform with the general tenor of the rules, i. e., to reach the merits of the controversy and not determine the case on a mere technicality.

The following cases relate to the allowance of amendments where objection has been made at the trial to the introduction of evidence as not being within the issues of the pleadings: American Universal Ins. Co. v. Sterling (3d Cir.1953), 203 F.2d 159; Carr v. Wisecup (3d Cir.1959), 263 F.2d 157; Acme Distributing Co. v. Rorie (10th Cir.1950), 183 F.2d 694; Green v. Baltimore & Ohio Railroad Company (6th Cir. 1962), 299 F.2d 837; Southern Coast Corp. v. Sinclair Refining Co. (5th Cir.1950), 181 F.2d 960; Fidelity & Deposit Co. of Md. v. Krout (2d Cir.1946), 157 F.2d 912; Watson v. Cannon Shoe Co. (5th Cir.1948), 165 F.2d 311; Ruud v. American Packing & Provision Co. (9th Cir.1949), 177 F.2d 538; and Decker v. Korth (10th Cir.1955), 219 F.2d 732. These cases illustrate the liberality allowed under rule 15(b). In particular, American Universal Ins. Co. v. Sterling, supra, stated that even though no amendment was offered, the trial court should have "brought the necessity for an amendment to counsel's attention" and reversed the case to allow the opportunity to amend. In Ruud v. American Packing & Provision Co., supra, the court held that the failure to amend will not affect the result of the trial of issues actually presented. And, finally, in Decker v. Korth, supra, the court held that "Failure to formally amend the pleadings will not jeopardize a verdict or judgment based upon competent evidence. If an amendment to the pleadings to conform to the proof should have been made, the Courts of Appeals will presume that it is so made to support the judgment." Compare State ex rel. Gary v. Fireman's Fund Indemnity Co., 1960, 67 N.M. 360, 355 P.2d 291, 84 A.L.R.2d 1072, wherein we relaxed our former strict rule with respect to suit on a contract as barring recovery on quantum meruit, and announced that liberality in the amendment to pleadings should be

freely allowed, thereby "bringing our procedure into line with the decisions in the federal courts and into harmony with the letter and spirit of our rules of procedure, * * *."

We are of the opinion that the amendment was or should be considered to have been allowed, and that therefore there was sufficient evidence upon which the trial court was justified in basing its findings in support of the defendants' counterclaim.

The judgment will be affirmed, and it is so ordered.

NOBLE and MOISE, JJ., concur.