398 P.2d 51

Donovan John THOMAS, Plaintiff-Appellant,

v.

BARBER'S SUPER MARKETS, INC., Employer, and Mountain States Mutual Casualty Company, Insurer, Defendants-Appellees.

No. 7489.

Supreme Court of New Mexico.

Dec. 7, 1964.

Rehearing Denied Jan. 28, 1965.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Mary C. Walters, Albuquerque, for appellant.

Keleher & McLeod, W. A. Keleher, John B. Tittmann, Albuquerque, for appellees.

NOBLE, Justice.

Donovan J. Thomas, claimant, has appealed from a judgment concluding that a release executed by claimant constituted a complete defense to his claim for workmen's compensation.

The single question before us is whether there is substantial evidence to support the findings upon which the court based its conclusion that there was a valid release executed by Thomas.

The following are substantially the facts found by the trial court. Claimant sustained an accidental injury to his back during the course of his employment on March 4, 1961, and was returned to work as cured by his attending physician on March 18, 1961. He continued work until May 10, 1961 when he quit his employment; apparently to take final examinations at the University of New Mexico and to make a trip to Florida on personal business. Claimant executed a full release to his employer and its insurance carrier on August 4, 1961. Prior to executing and delivering the release, claimant took the instrument from the office of the insurance company, discussed it with his father, who was his attending physician, and apparently with other individuals. His father explained the effect of signing the release. The proposed settlement was likewise explained to him by an agent of the insurance carrier. The court specifically found that the release was not procured through fraud or undue influence; that no false promises were made to him nor was he coerced into executing the release. The court concluded that the release was valid and binding and completely released the employer and its insurance carrier from all claims to benefits under the workmen's compensation law. This appeal resulted from a judgment dismissing the claim for compensation benefits.

It is, of course, a familiar and well-established rule that findings of fact supported by substantial evidence will not be disturbed on appeal. Allsop Lumber Co. v. Continental Casualty Co., 73 N.M. 64, 385 P.2d 625; Shelley v. Norris, 73 N.M. 148, 386 P.2d 243, and if so supported, the judgment will be affirmed. Frymire v. Rice, 52 N.M. 191, 194 P.2d 679; Chavez v. Gutierrez, 54 N.M. 76, 213 P.2d 597. Thomas argues that his contrary requested findings are supported by substantial evidence, and findings that the release was not procured by fraud, undue influence, misrepresenta-

tion or coercion are attacked as being contrary to what is said to be the "overwhelming" weight of the evidence. However, it is not enough to show that the evidence would have supported contrary requested findings. Renehan v. Lobato, 55 N.M. 532, 237 P.2d 100; Gladin v. Compton, 72 N.M. 175, 381 P.2d 961; Tafoya v. Kermac Nuclear Fuels Corp., 71 N.M. 157, 376 P.2d 576.

■ A careful review of the record convinces us that the trial court's findings have substantial support in the evidence and are, therefore, binding upon us even though we might have reached a different conclusion had we been the trier of the facts. The rule that an appellate court may not weigh the evidence is so firmly established as to need no citation of authority.

Moruzzi v. Federal Life & Casualty Co., 42 N.M. 35, 75 P.2d 320, 115 A.L.R. 407, disposes of Thomas' argument that the release was actually without consideration because of the small amount paid—$425.00. It was there held that even though the amount paid the claimant appears to be ridiculously small (in that case $23.33) considering the maximum liability under the terms of the insurance policy:

"* * * yet it is not the province of this court to make the contract for the parties, or guide them in their business affairs. * * *"

See, also, Erwin v. United Benefit Life Insurance Co., 70 N.M. 138, 371 P.2d 791.

■ The release is further attacked as being without consideration because the amount paid—$425.00—was only that which was due him for the period May 11, 1961 when he quit work until September 7, 1961 when his doctor's report showed he should be able to return to work. It is true that the payment of a liquidated, undisputed, matured obligation does not furnish a consideration for the release of any additional obligation, see Buel v. Kansas City Life Ins. Co., 32 N.M. 34, 250 P. 635, 52 A.L.R. 367; but the record does not bear out claimant's contention that he was only paid what was due him in any event.

■ There is evidence that the insurance company always denied that Thomas' absence from work was due to his injury, contending that he quit work to take examinations at the University, where he was a student, and to take a trip on private business. Furthermore, the record is undisputed that compensation was paid to claimant until June 21, 1961. Under claimant's contention, he would only have been due payments at $25.80 per week, from June 21 to September 7, a total of eleven weeks and two days, or $291.18. The amount paid was, therefore, in excess of any amount which could have then been matured. In Miller v. Prince Street Ele-

vator Co., 41 N.M. 330, 68 P.2d 663, it was held that "liquidated," in the sense of the rule that payment of a lesser sum is a discharge of the remainder where the amount in dispute is unliquidated but is not where it is liquidated, means that the amount claimed has been ascertained and agreed upon by the parties or fixed by operation of law. See, also, Swindell v. Youngstown Sheet & Tube Co., 230 F. 438 (6th Cir. 1916).

■ Thomas' claim was neither liquidated nor matured. We have held that the acceptance of part payment of a disputed and unliquidated claim in full satisfaction of the entire claim constitutes sufficient consideration for a release of the entire amount. See Frazier v. Ray, 29 N.M. 121, 219 P. 492; Nixon-Foster Service Co. v. Morrow, 41 N.M. 67, 64 P.2d 92; and Miller v. Prince Street Elevator Co., supra. We are, therefore, compelled to the conclusion that the trial court's finding of "good and valuable consideration" for the release is substantially supported by the evidence.

■ Finally, claimant argues the necessity of remanding the case to the trial court for failure to find a claimed material issue of fact, i. e., whether Thomas was physically and mentally incapable or incompetent to execute the release. However, only such ultimate facts as are necessary to determine the issues in the case, as distinguished from evidentiary facts supporting them, are required by Rule of Civil Procedure 52(B) (a) (2) (§ 21-1-1(52) (B) (a) (2), N.M.S.A.1953). The suggested finding would be one of an evidentiary fact rather than an ultimate fact and, therefore, not required by the rule. Furthermore, the issue may not be urged on this appeal because it was neither specifically requested nor passed upon by the trial court and may not be urged for the first time on appeal. Selby v. Tolbert, 56 N.M. 718, 249 P.2d 498; Garcia v. Chavez, 54 N.M. 22, 212 P.2d 1052; Teaver v. Miller, 53 N.M. 345, 208 P.2d 156.

The judgment appealed from should be affirmed and it is so ordered.

COMPTON, C. J., and CARMODY, J., concur.