408 P.2d 506

John H. GRAY, Plaintiff-Appellee,

v.

J. P. (BUM) GIBBINS, INC., Employer, and Employers National Insurance Company, Insurer, Defendants-Appellants.

No. 7749.

Supreme Court of New Mexico.

Dec. 6, 1965.

Tansey, Wood, Rosebrough & Roberts, Farmington, for appellants.

Webb & Beavers, W. Byron Caton, Farmington, for appellee.

COMPTON, Justice.

The employer and its insurance carrier appeal from a judgment awarding workmen's compensation benefits.

The employer is engaged in well servicing and on November 30, 1962, the appellee, while working as its operator's helper in starting a motor by cranking a large heavy wheel requiring extraordinary and unusual exertion, suffered a heart attack. The

trial court specifically found that appellee's "disability was the natural and direct result of the accident above mentioned," and that as a direct result of the accident appellee was permanently and totally disabled.

The principal question for determination is whether the findings have substantial support in the evidence. We are immediately faced with the rule that where there is a conflict in the evidence, upon review, the evidence must be considered in a light most favorable to the successful party, indulging all reasonable inferences to be drawn therefrom in support of the judgment. Sauter v. St. Michael's College, 70 N.M. 380, 374 P.2d 134; Kleeman v. Fogerson, 74 N.M. 688, 397 P.2d 716.

The appellee testified that he was in good health at the time of the accident and that he had never felt better in his life. His immediate supervisor on the job testified as to the heart attack and the physical stress and strain he was under immediately prior to the accident. The appellants would relate appellee's disability to a former heart attack. It is true that on April 24, 1962, appellee had suffered a heart attack which for a time completely disabled him from doing heavy work. He was then treated by Dr. Vandenhoven but was never dismissed by him. Appellee, however, voluntarily ceased treatment after June 6, 1962. It was Dr. Vandenhoven's opinion that he should not, at that time, have returned to heavy work but that he might do light work. Nevertheless, shortly after June 6, 1962, the appellee began working for various contractors in the area doing heavy manual labor. But Dr. Vandenhoven, who had treated appellee following both heart attacks, and the only medical witness to testify, stated with a reasonable degree of medical certainty that "the type of work he was engaged in at that time precipitated the second heart attack." Resolving the conflict in appellee's favor, as we must, we think the court's findings have substantial support in the evidence and must be sustained. Thomas v. Barber's Super Markets, Inc., 74 N.M. 720, 398 P.2d 51.

Appellants further contend that appellee's employment was fraudulently procured. When appellee applied for employment October 10, 1962, he was handed a questionnaire relating to various physical disabilities to be answered "yes" or "no." The pertinent provision of the questionnaire reads: "indicate if you now have or have had any of the following"—here follow 15 blank spaces requiring either a "yes" or "no" answer. He answered "no" heart disease and "no" back injury. He also gave a negative answer to the remaining 13 questions. The court found that appellee did not knowingly, intentionally, or fraudulently misrepresent any material fact. The court also found that the employer did not rely upon the questionnaire as a condition of his employment. The thrust of appel-

lants' appeal is the sufficiency of the evidence to support these findings.

■ Appellee frankly admitted that he had suffered the April, 1962, heart attack. When asked why he answered "no" heart disease, he stated: "because a disease is something you can catch from somebody else, it is like mumps and the measles, and I did not have no heart disease." The answer seemingly is imponderable, but this is not necessarily so. In this situation the credibility of the witness became an issue. The record discloses that appellee was then 43 years of age, was married and had 2 children. That he was uneducated is obvious, having reached the third grade in school. The time required for him to fill in the one-page questionnaire was one to two hours. When asked why, he stated: "it takes me a long time to understand the questions and things." The trial court was in a position to observe the appellee and to hear him testify as to his understanding of the meaning of "heart disease" in determining the weight to be given his testimony. It is clear that the trial court in accepting his explanation concluded that the witness was confused as to its meaning. We think the evidence is substantial and adequately supports the finding that appellee did not knowingly, intentionally, or fraudulently make any misrepresentation of any material fact. Compare Mosely v. National Bankers Life Insurance Company, 66 N.M. 330, 347

P.2d 755. In this situation the finding must stand. Kleeman v. Fogerson, supra; Thomas v. Barber's Super Markets, Inc., supra; Sauter v. St. Michael's College, supra; Reynolds v. Ruidoso Racing Association, Inc., 69 N.M. 248, 365 P.2d 671.

■ As to the employer's reliance upon the questionnaire as a condition of employment, we think the evidence is sufficient to support the court's finding. Some years previously, appellee had sustained a rather serious "back injury" of which the employer had knowledge. For this injury he had been paid compensation benefits in the amount of $1,250.00. The employer's immediate supervisor on the job, with authority to hire, had knowledge of this back injury when he was employed. The form and substance of the questionnaire was well known to him. He examined it and observed that all questions were answered "no" including "no" back injury and then directed the appellee to go to work. While the back injury is not an issue here, the answer "no" is significant. It was sufficient to alert the employer that possible fraud was inherent in other answers had he relied upon the questionnaire. We think the answer "no" back injury supports a reasonable inference that the employer did not rely upon the questionnaire as a condition of employment. Compare Mosely v. National Bankers Life Insurance Company, supra.

588

Appellants make the further contention that the court erred in the refusal of certain findings and conclusions requested by them. This claim of error cannot be sustained. The findings made having substantial support in the evidence, it was not error to refuse findings and conclusions to the contrary. Jackson v. Goad, 73 N.M. 19, 385 P.2d 279.

The judgment is affirmed. The appellee should be awarded $750.00 for the further services of his attorneys in representing him in this court, and it is so ordered.

CARMODY, C. J., and MOISE, J., concur.