418 P.2d 66

**DUNSON CONTRACTORS, INC.,**
**Plaintiff-Appellee,**

**v.**

**Julia H. KOURY, Executrix of the Estate of George Koury, Deceased, Defendant-Appellant.**

**No. 7790.**

Supreme Court of New Mexico.

July 11, 1966.

On Motion for Attorney Fees Sept. 12, 1966.

H. J. Guthmann, Santa Fe, for appellant.

Jones, Gallegos, Snead & Wertheim, Santa Fe, for appellee.

## OPINION

NOBLE, Justice.

George Koury, the defendant below, has appealed from a judgment against him and in favor of Dunson Contractors, Inc., plain-

tiff below, on account of repairs made by plaintiff to a building owned by defendant.

The defendant (appellant) assigned as error:

"1. The Court erred in denying and overruling the plaintiff's [sic defendant's] motion to dismiss on the grounds that plaintiffs are not licensed to do steel work in connection with fabrication of a supporting beam for a building, and therefore were not able, under the laws of the State of New Mexico, to claim a lien.

"2. The Court erred in denying dismissal of the action on the grounds and for the reason that the work was not properly done, and that there was an implied warranty by the plaintiff that the work would do the job that the plaintiff was charging for, and that this work having failed to support the beam, the plaintiff was not entitled to payment until he had done the work properly."

■ The district court made findings of fact, none of which are attacked, either by point or argument, as not being substantially supported by the evidence. The facts so found by the trial court are accordingly binding upon us as the facts upon which the case rests in this court. Covington v. Rutledge Drilling Company, 71 N.M. 120, 376 P.2d 180; Town of Mesilla v. Mesilla Design Center & Book Store, 71 N.M. 124, 376 P.2d 183; Kerr v. Akard Brothers Trucking Company, 73 N.M. 50, 385 P.2d 570, and the judgment of the trial court must be affirmed if it is sustained by those facts. Kleeman v. Fogerson, 74 N.M. 688, 397 P.2d 716.

■ The defendant's contention that plaintiff's action is barred by §§ 67–16–16 and 67–16–17, N.M.S.A.1953, for failure of plaintiff to have a contractor's license to perform the work he did is obviously without merit in view of the following unchallenged findings by the trial court:

"3. That Contractor's License No. A 10240 held at all times by the plaintiff authorizes it to do excavating, trenching, welding, water supply, sewage, including disposal and gas lines.

"7. That the work done involved the cutting and threading of steel braces and welding said braces to steel plates and falls within that part of plaintiff's contractor's license which authorizes plaintiff to contract welding work."

■ The court's findings of fact likewise dispose of the argument that the work was improperly done and that there was an implied warranty that it would correct the defect. Contrary facts found by the court are:

"6. That plaintiff's bid was for work which was to be done in a manner specified by defendant  *  *  *

"8. That plaintiff performed the work agreed upon by plaintiff and defendant in the manner specified by defendant in a workmanlike manner * * *."

Those unchallenged findings support the judgment and require its affirmance. The judgment appealed from will be affirmed.

It is so ordered.

MOISE and COMPTON, JJ., concur.

## OPINION ON MOTION FOR ATTORNEY FEES

NOBLE, Justice.

 Motion has been filed for allowance of attorney fees under the provisions of § 61–2–13, N.M.S.A. 1953. Attorney fees, if allowable, are to be fixed by the trial court in its discretion for handling of plaintiff's claim both in the district court and in the Supreme Court. Mitchell v. McCutcheon, 33 N.M. 78, 260 P. 1086; Skidmore v. Eby, 57 N.M. 669, 681, 262 P.2d 370; Home Plumbing and Contracting Co. v. Pruitt, 70 N.M. 182, 372 P.2d 378.

The cause will be remanded with direction to the district court, in its discretion, to allow and tax in favor of plaintiff (appellee) and against defendant (appellant), as additional costs, a reasonable fee for appellee's counsel in this court, if a fee is allowable herein under provisions of § 61–2–13, N.M.S.A. 1953.

The opinion heretofore filed will stand except as modified herein, and the mandate will issue in accordance with the original opinion as modified herein.

It is so ordered.

MOISE and COMPTON, JJ., concur.